EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Arturo Nieves Huertas y Luis Raúl Albaladejo<br><br>Recurridos<br><br>v.<br><br>Hon. Alejandro García Padilla, Gobernador de Puerto Rico; Hon. Luis Sánchez Betances, Secretario de Justicia de Puerto Rico; y Hon. Liza Fernández Rodríguez<br><br>Peticionaria en Certificación (Hon. Liza Fernández Rodríguez)<br><br>Arturo Nieves Huertas y Luis Raúl Albaladejo<br><br>Recurridos<br><br>v.<br><br>Hon. Edgardo Rivera García, Juez Asociado del Tribunal Supremo de Puerto Rico; Hon. Alejandro García Padilla, Gobernador de Puerto Rico; Hon. Luis Sánchez Betances, Secretario de Justicia; Gobierno de Puerto Rico; y Senado de Puerto Rico, representado por su Presidente, Hon. Eduardo Bathia Gautier<br><br>Demandados | Certificación<br><br>2013 TSPR 120<br><br>189 DPR ____ |

Número del Caso: CT-2013-17


Fecha: 25 de octubre de 2013


Abogados de la Parte Peticionaria:

       Lcdo. Eliezer Aldarondo Ortiz
       Lcdo. Claudio Aliff Ortiz
       Lcda. Rosa Campo Silva
       Lcdo. Simone Cataldi Malpica
       Lcdo. Eliezer A. Aldarondo López

Abogado del Hon. Edgardo Rivera García:

          Lcdo. Carlos Santiago Tavárez

Parte Recurrida:

          Lcdo. Arturo Nieves Huertas
          Lcdo. Luis Raúl Albaladejo


Materia: Injuction Mandatorio, Preliminar y Permanente, Mandamus, Quo Warranto y Sentencia Declaratoria


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Arturo Nieves Huertas y Luis Raúl Albaladejo<br><br>Recurridos<br><br>v.<br><br>Hon. Alejandro García Padilla, Gobernador de Puerto Rico; Hon. Luis Sánchez Betances, Secretario de Justicia de Puerto Rico; y Hon. Liza Fernández Rodríguez<br><br>Peticionaria en Certificación (Hon. Liza Fernández Rodríguez)<br>_____<br>Arturo Nieves Huertas y Luis Raúl Albaladejo<br><br>Recurridos<br><br>v.<br><br>Hon. Edgardo Rivera García, Juez Asociado del Tribunal Supremo de Puerto Rico; Alejandro García Padilla, Gobernador de Puerto Rico; Hon. Luis Sánchez Betances, Secretario de Justicia; Gobierno de Puerto Rico; y Senado de Puerto Rico presentado por su Presidente, Hon. Eduardo Bathia Gauthier<br><br>Demandados | CT-2013-0017 |

RESOLUCIÓN

En San Juan, Puerto Rico, a 25 de octubre de 2013.

A la Moción de reconsideración presentada por los demandantes recurridos, no ha lugar.

Notifíquese a las partes por teléfono, <u>fax</u> y por la vía ordinaria.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Martínez Torres emitió un Voto particular de conformidad al que se unió el Juez Asociado señor Feliberti Cintrón. El Juez Asociado señor Estrella Martínez emitió un Voto particular de conformidad. El Juez Presidente señor Hernández Denton, la Jueza Asociada señora Fiol Matta, la Juez Asociada señora Rodríguez Rodríguez, la Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Rivera García no intervinieron.


                              Aida I. Oquendo Graulau
                              Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Arturo Nieves Huertas y Luis Raúl Albaladejo<br><br>Recurridos<br><br>v.<br><br>Hon. Alejandro García Padilla, Gobernador de Puerto Rico; Hon. Luis Sánchez Betances, Secretario de Justicia de Puerto Rico; y Hon. Liza Fernández Rodríguez<br><br>Peticionaria en Certificación (Hon. Liza Fernández Rodríguez)<br>_____<br>Arturo Nieves Huertas y Luis Raúl Albaladejo<br><br>Recurridos<br><br>v.<br><br>Hon. Edgardo Rivera García, Juez Asociado del Tribunal Supremo de Puerto Rico; Alejandro García Padilla, Gobernador de Puerto Rico; Hon. Luis Sánchez Betances, Secretario de Justicia; Gobierno de Puerto Rico; y Senado de Puerto Rico, representado por su Presidente, Hon. Eduardo Bathia Gauthier<br><br>Demandados | CT-2013-0017 |

Voto particular de conformidad emitido por el Juez Asociado señor MARTÍNEZ TORRES al cual se unió el Juez Asociado señor FELIBERTI CINTRÓN

En San Juan, Puerto Rico, a 25 de octubre de 2013.

La Presidenta y el Primer Vicepresidente del Colegio de Abogados se unieron a este pleito como abogados de los demandantes. En su comparecencia, mencionaron expresamente sus posiciones en la directiva del Colegio. Con esa

comparecencia a nombre de la institución, queda manifiesto que el Colegio ignora y se niega a defender a los más de cien abogados que ejercen como procuradores, fiscales y jueces, y cuya legitimidad fue puesta en tela de juicio de manera viciosa y temeraria por los demandantes, con alegaciones frívolas. ¿Es que esos abogados no tienen derecho a que se les defienda también? ¿Cómo se puede pretender que este Tribunal cierre los ojos y permita que los demandantes formen un espectáculo en el Tribunal de Primera Instancia que ponga en tela de juicio la confianza del pueblo en sus funcionarios e instituciones mediante alegaciones carentes de fundamentos legales y se afecte así el buen funcionamiento de la justicia? ¿Cómo se puede afirmar con cara seria que no hay un interés público en evitar eso? Ya que el Tribunal de Primera Instancia no lo hizo oportunamente y ante las consecuencias graves que presentaba este caso frívolo para la confianza del pueblo en sus funcionarios e instituciones, ¿se puede afirmar sin ni siquiera sonrojarse que era mejor que este Tribunal no certificara para desestimar el caso? ¿Acaso alguien tiene derecho a litigar un caso frívolo? ¿Por qué el Colegio asume un rol activo contra más de cien abogados? ¿Se puede contestar esta pregunta sin considerar que entre los demandados está la Juez Superior, Hon. Liza Fernández Rodríguez, quien cuando era legisladora presentó el proyecto que hoy es la Ley Núm. 121-2009, mediante la cual se eliminó la membresía obligatoria en el Colegio de Abogados?

RAFAEL L. MARTÍNEZ TORRES
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Arturo Nieves Huertas y Luis Raúl Albaladejo<br><br>Recurridos<br><br>v.<br><br>Hon. Alejandro García Padilla, Gobernador de Puerto Rico; Hon. Luis Sánchez Betances, Secretario de Justicia de Puerto Rico; y Hon. Liza Fernández Rodríguez<br><br>Peticionaria en Certificación (Hon. Liza Fernández Rodríguez) | | |
| Arturo Nieves Huertas y Luis Raúl Albaladejo<br><br>Recurridos<br><br>v.<br><br>Hon. Edgardo Rivera García, Juez Asociado del Tribunal Supremo de Puerto Rico; Hon. Alejandro García Padilla, Gobernador de Puerto Rico; Hon. Luis Sánchez Betances, Secretario de Justicia; Gobierno de Puerto Rico; y Senado de Puerto Rico, representado por su Presidente, Hon. Eduardo Bathia Gautier<br><br>Demandados | CT-2013-0017 | Certificación |

Voto Particular de Conformidad emitido por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ

San Juan, Puerto Rico, a 25 de octubre de 2013.

Nunca promoveré que la poderosa llave del acceso a la justicia, que constantemente he defendido como Juez, se torne en una herramienta de acceso a la injusticia contra

los servidores públicos, ya sean de esta Rama o de los otros poderes del Gobierno de Puerto Rico.

La *Moción de Reconsideración* presentada ante este Tribunal constituye el eslabón más reciente de una cadena de eventos, perpetuados por dos letrados demandantes, dirigidos a secuestrar la integridad, el honor y la legitimidad de más de 100 funcionarios públicos, relacionados con el sistema de justicia.

La presentación de recursos escudados o amparados en la defensa de la Constitución de Puerto Rico es un asunto serio. Si hay un litigante que le preocupa de forma teórica una supuesta violación constitucional, mayor preocupación debería causarle que sus acciones puedan menoscabar precisamente la primera oración de la primera sección de nuestra Carta de Derechos: "[l]a dignidad del ser humano es inviolable".

Invocar en el vacío la Constitución nunca será una justificación para actuar con abuso del derecho y con frivolidad. A ese ejercicio irracional del derecho, las reglas procesales reconocen la imposición de una sanción de naturaleza punitiva: los honorarios de abogado. Véase, Regla 44.1 (d) de Procedimiento Civil, 32 L.P.R.A. Ap. V, R. 44.1.

La temeridad es un detente al ejercicio mal ejecutado de la prerrogativa de ejercer un reclamo o defensa. Las partes deben saber cuándo termina su legitimidad para defender su postura y en qué momento se constituye un abuso del proceso. La temeridad es una forma para disuadir a quien tiene o debió tener constancia de su falta de

fundamentos para lograr su pretensión. Es el castigo que se impone a aquél que litiga o se defiende sin razón.

El propósito de la imposición de honorarios de abogado es, precisamente, penalizar a quien por su terquedad, obstinación, contumacia e insistencia, en una actitud desprovista de fundamentos, obliga a otra parte a asumir molestias innecesarias, gastos, trabajos e inconveniencias de un pleito. Fernández v. San Juan Cement. Co., Inc., 118 D.P.R. 713 (1987). Esa determinación sobre la conducta temeraria descansa en la discreción del tribunal; discreción que responde a una razonabilidad de discernimiento judicial para llegar a una conclusión justiciera sin abstraerse del Derecho. Bco. Popular de P.R. v. Mun. de Aguadilla, 144 D.P.R. 651, 657-658 (1997). Una vez el tribunal concluye que una parte ha procedido con temeridad, es mandatorio imponer los honorarios que correspondan a tal conducta. P.R. Oil v. Dayco, 164 D.P.R. 486, 511 (2005); Corpak, Art Printing v. Ramallo Brothers, 125 D.P.R. 724, 738 (1990). Abdicar de esta función no fortalece un sistema de justicia para todos y todas.

Dicho de otra manera, al imponer una suma de dinero por concepto de honorarios de abogado, no puede ser factor determinante para el tribunal la cantidad de dinero, considerable o poca, en honorarios de abogado que efectivamente hubiese gastado en el caso la parte victoriosa; debe mantenerse presente que "... el grado o intensidad de la conducta temeraria o frívola ...", en que incurrió la parte perdidosa, es el criterio o factor determinante y crítico a ser tomado en consideración por el

tribunal al determinar la cuantía de los honorarios de abogado a imponerse a dicha parte. Corpak, Art Printing v. Ramallo Brothers, *supra*, pág. 738.

En el presente caso, no estamos ante litigantes que desconozcan el derecho y los procesos. Todo lo contrario. De igual forma, los hechos acaecidos no pueden mantenerse ante la sombra del manto invocado del acceso a vindicar un derecho. Los honorarios están justificados.

En la demanda instada se cuestionaba la legitimidad del nombramiento de jueces, fiscales y procuradores. A su vez, se impugnaba la validez de sus actuaciones, determinaciones y sentencias. En lo que atañe a la Hon. Liza M. Fernández Rodríguez, un examen de los acontecimientos refleja que los demandantes han cuestionado insistentemente su nombramiento.[1] Ciertamente, la intervención inmediata de este Tribunal para atender el reclamo de los demandantes era necesaria.

---

[1] Estos mismos demandantes se opusieron a este nombramiento y acudieron a las correspondientes vistas. Además, presentaron un recurso civil (K PE2012-4117) en el que cuestionaron que la Hon. Liza M. Fernández Rodríguez no cumple con los requisitos necesarios para ocupar el cargo de juez, por no contar con los años de experiencia profesional para ello. Desde ese entonces, se cuestionó la legitimación activa de los demandantes. El Tribunal de Primera Instancia reconoció a los demandantes legitimación activa y procedió a desestimar la reclamación de éstos. De esa determinación, los demandantes acudieron al Tribunal de Apelaciones (KLAN201300299), que emitió Sentencia el 8 de mayo de 2013. En ésta, el foro intermedio, concluyó, entre otras, y como cuestión de umbral, que los demandantes carecían de legitimación activa, ya que "fallaron en demostrar la existencia de un daño claro, palpable, real, inmediato y preciso provocado por la designación y nombramiento en controversia". Véase, Sentencia del 8 de mayo de 2013 del Tribunal de Apelaciones en el caso KLAN201300299, pág. 34. Estos acudieron ante este Tribunal en el recurso CC-2013-470 señalando varios planteamientos de error. Este recurso está pendiente ante la consideración de este Tribunal.

A meses de presentada la demanda, no se habían diligenciado los emplazamientos correspondientes,[2] y se había solicitado un descubrimiento de prueba que culminó en la emisión de órdenes protectoras. Ello, provocó que los demandantes solicitaran la recusación del juez que presidía los procedimientos. Dicho asunto fue referido a la Juez Administradora, quien consideró que las alegaciones contra el juez eran "infundadas", por lo que denegó la recusación solicitada.[3] Los demandantes acudieron en revisión ante el Tribunal de Apelaciones (KLCE201301030) en donde, a su vez, solicitaron la paralización de los procedimientos. El foro intermedio actuó, y mediante Sentencia del 23 de agosto de 2013 denegó la expedición del recurso instado.

Ante ello, continuaron los procedimientos en el foro de instancia. Incluso, el Gobierno solicitó la desestimación de la demanda presentada, entre otras razones, por falta de legitimación activa de los demandantes. Así, el foro de instancia ordenó a éstos presentar su postura al respecto. Los demandantes solicitaron prórroga. No obstante, al cumplir la orden presentaron un escueto escrito en el que recogían sus argumentos previos para instar la demanda. De esta forma, siguieron dilatando el reclamo que con tanta urgencia solicitaban.

---

[2]Sólo se había emplazado al Hon. Edgardo Rivera García, Juez Asociado de este Tribunal.

[3]Se alegaba que el juez no era imparcial, ya que falló en contra de un cliente de uno de los peticionarios, luego que éste cuestionara la imparcialidad del juez y se remitiera el expediente al juez pareja. El juez nunca se inhibió de intervenir en ese caso, como sostuvieron los demandantes de epígrafe.

Al momento de certificar el recurso, y a pesar de la necesidad de actuar inmediatamente para proteger la integridad de los procesos judiciales, así como la credibilidad de las determinaciones de los jueces impugnados, el foro de instancia no atendió prioritariamente esa controversia de umbral, en cuanto a la legitimación activa. Por el contrario, vislumbraba certificar el caso como uno de litigación compleja. Mientras tanto, la legitimidad y determinaciones de los funcionarios públicos aquí impugnados continuaban cuestionadas y, más importante aún, la confianza de nuestras instituciones ante el Pueblo.

Los demandados aguardaban, en silencio, el emplazamiento ante las alegaciones y reclamos de los demandantes. Mientras los jueces demandados ejecutaban la dignidad del silencio, pasaban más de 100 días y la inviolabilidad de su dignidad y la de la Rama Judicial cada día se tornaba más lacerada.

Ante tal cuadro, y ante las estrategias de los demandantes, la Hon. Liza Fernández Rodríguez se sometió a la jurisdicción de este Tribunal y solicitó el recurso de certificación. Por su parte, el Hon. Edgardo Rivera García, Juez Asociado de este Tribunal, se unió a su reclamo. A su vez, la Hon. Liza Fernández Rodríguez solicitó $20,000 en honorarios por las actuaciones de los demandantes.

Tras un ponderado análisis del balance de intereses, este Tribunal expidió la certificación y atendió el asunto medular ante su consideración: la falta de legitimación activa de los demandantes para instar su reclamo.

Concluimos que el reclamo en daños de los demandantes no era específico, sino uno de naturaleza hipotética. No existe una sola aseveración que sostenga la posibilidad de daños específicos que no fuera el temor hipotético a la nulidad de los dictámenes emitidos. Ello, a pesar de que los demandantes, quienes son abogados, conocen la doctrina de funcionario de *facto.* Véase, <u>Fernández v. Corte</u>, 71 D.P.R. 161 (1950).

Al imponer la cuantía de $10,000 en honorarios de abogado, se hizo un balance adecuado. Consideramos la naturaleza del litigio, las cuestiones de derecho, y la intensidad de la conducta frívola desplegada por los demandantes. El grado de intensidad y frivolidad de los reclamos de los demandantes amerita la cuantía impuesta.

El acceso a la justicia no puede estar anclado ni respaldado por la conducta impropia de quien reclama con terquedad lo que sabe o debió saber que no le corresponde.

Ante estas realidades, reitero mi voto de conformidad con la Sentencia emitida en el caso de autos. Por tanto, no procede la reconsideración solicitada.


                                        LUIS ESTRELLA MARTÍNEZ
                                             Juez Asociado